

**TROYGOULD PC**

1801 Century Park East, 16th Floor

Los Angeles, California 90067-2367

**Tel** (310) 553-4441 | **Fax** (310) 201-4746

www.troygould.com

**Russell I. Glazer** • (310) 789-1216 • rglazer@troygould.com

File No. 03424-0008

## MEMO ENDORSED

April 29, 2021

**BY ECF FILING**

Plaintiffs are directed to respond by **May 4, 2021, at 5:00 p.m.**

The application is **x** granted

\_\_\_\_ denied

Edgardo Ramos, U.S.D.J.

Dated: 04/30/2021

New York, New York

Hon. Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
Courtroom 619
ChambersNYSDRamos@nysd.uscourts.gov

Re:    *Sharbat et al v. Iovance Biotherapeutics, Inc. et al.*
      1:20-cv-01391-JM

Dear Judge Ramos:

On behalf of Defendant Manish Singh ("Singh"), we request a pre-motion conference pursuant to Rule 2(A) of your Individual Practices. In their Amended Complaint, plaintiffs Solomon Sharbat, Solomon Capital LLC, Solomon Capital 401k Trust, and Shelhav Raff (collectively, "Plaintiffs") assert two claims against Singh—fraud (fifth cause of action) and conversion (sixth cause of action). *See* Dkt. 15 ¶¶ 108–18. Singh intends to move for judgment on the pleadings on both claims.

According to Plaintiffs, "this action arises from Defendants' willful failure and refusal to pay fees earned by the Plaintiffs, pursuant to agreements between the parties, and in connection with successful introductions made by Plaintiffs Sharbat, Raff, and/or SC for the benefit of" the company now known as defendant Iovance Biotherapeutics, Inc. ("Iovance"). *Id.* ¶ 1. Plaintiffs' fraud claim is based on the assertion that Singh, Iovance's former president, "made material misrepresentations and omissions concerning the qualified introduction parties brought in by Sharbat, Raff, and/or SC concerning the value of the shares." *Id.* ¶ 109. Plaintiffs' conversion claim is based on the allegation that "following the financing, Singh received 608,000 shares of stock" and "[u]pon information and belief, these were shares that should have been offered to Sharbat, Raff, and/or SC and were their rightful property." *Id.* ¶ 72.

Singh is entitled to judgment on the pleadings on the fraud claim. The only omissions Plaintiffs identify are that "updates with respect to some prospective investors which would have been qualified introductions, were hidden from Plaintiffs by Singh" and that Singh "began to omit material facts concerning the development of investments" supposedly made by investors Plaintiffs introduced. *Id.* ¶¶ 64, 67.  But Plaintiffs have not pled facts giving rise to a duty to disclose and they have not identified any action they took



Hon. Edgardo Ramos
April 29, 2021
Page 2

in reliance on Singh's alleged omissions. *Sammy v. Haupel*, 97 N.Y.S.3d 269, 272 (N.Y. App. Div. 2019) ("To show reliance, a party must demonstrate that it was induced to act or refrain from acting to its detriment by virtue of the alleged . . . omission." (brackets omitted)).

The only affirmative misrepresentation Plaintiffs identify is that "Singh stated that it was still too early to determine the value of the company" and that he "expected [the] price per share would be in the range of $4-$5." Dkt. 15 ¶ 69. This is not a statement of existing fact that can sustain a fraud claim. *See id.*; *see also Naturopathic Lab'ys Int'l, Inc. v. SSL Americas, Inc.*, 795 N.Y.S.2d 580, 581 (N.Y. App. Div. 2005) (affirming dismissal of fraud claim where the allegedly fraudulent statements "provided that defendants 'would envision funding the proposed acquisition with cash on hand and borrowings,'" and also "used the word 'intend.'").

Singh is entitled to judgment on the pleadings on Plaintiffs' conversion claim because it is barred by a three-year statute of limitations. "An action for conversion is subject to a three-year limitation period. The cause of action normally accrues on the date the conversion takes place and not the date of discovery or the exercise of diligence to discover." *Maya NY, LLC v. Hagler*, 965 N.Y.S.2d 475, 478 (N.Y. App. Div. 2013) (citations omitted). Plaintiffs allege that the conversion occurred at the conclusion of the financing in the fall of 2013. *See* Dkt. 15 ¶¶ 69–70, 72, 116–17. Plaintiffs filed this action on September 27, 2019—six years after the financing.

Plaintiffs have also failed to state a claim for conversion because they have not identified a specific piece of property that Singh allegedly converted. Plaintiffs allege that Singh converted the "warrants and/or shares in Lion Bio" that Plaintiffs contend they were entitled to "in connection with the financing [that Lion Bio] gained from [Plaintiffs'] qualified introductions." *Id.* ¶ 116. Even assuming the truth of Plaintiffs' allegation that they were contractually entitled to receive warrants or shares in Lion Bio, such a contractual right to equity does not concern a specific piece of property as required to sustain a claim for conversion. *See Ashlock v. Slone*, No. 10 CIV. 453 PAE, 2012 WL 3055775, at *10 (S.D.N.Y. July 26, 2012) (granting motion for summary judgment on a conversion claim about an equity stake in a company because, even though "the [c]ontract [between the parties] identifie[d] a specific percentage range of [the plaintiff's] equity stake in [the company], this amount [was] not sufficiently definite to allow [the plaintiff] to recover under conversion"). The fact that Singh received shares of Iovance does not mean that he converted specific property belonging to Plaintiffs. The company could have awarded shares to Singh *and* to Plaintiffs.



Hon. Edgardo Ramos
April 29, 2021
Page 3


        We therefore request a pre-hearing conference in connection with Singh's proposed
motion for judgment on the pleadings. Singh further requests that the pre-hearing
conference be held in conjunction with the status conference currently scheduled for
May 5, 2021.


                        Very truly yours,

                        Russell I. Glazer