UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOLOMON SHARBAT, SOLOMON CAPITAL LLC, SOLOMON CAPITAL 401k TRUST, and SHELHAV RAFF,

    Plaintiffs,

v.

IOVANCE BIOTHERAPEUTICS, INC., f/k/a LION BIOTECHNOLOGIES INC., f/k/a GENESIS BIOPHARMA INC., and MANISH SINGH,

    Defendants.

**ORDER**

20 Civ. 1391 (ER)

---

RAMOS, D.J.:

    Plaintiffs Solomon Sharbat, Solomon Capital LLC, Solomon Capital 401k Trust, and Shelhav Raff bring this suit against Iovance Biotherapeutics and Manish Singh for breach of contract and related claims. Doc. 1-1. On October 28, 2021, Defendants served a subpoena on the Financial Industry Regulatory Authority ("FINRA"), seeking documents concerning disciplinary proceedings in 2012 against plaintiff Sharbat that resulted in a default decision revoking Sharbat's securities license. Doc. 75, Ex. A. The return date on the subpoena was originally November 12, 2021. *Id.* On November 5, 2021, Plaintiffs moved to quash the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv), arguing that the subpoena was unduly burdensome and that the requested materials were irrelevant and not proportional to the needs of the case. Docs. 75, 80. Defendants opposed the motion to quash, arguing that Plaintiffs did not have standing to challenge the subpoena and that the requested materials are relevant. Doc. 76. The Court stayed enforcement of the subpoena and then held a conference on Plaintiffs' motion on November 16, 2021. *See* ECF 77.

For purposes of the instant motion, the Court assumes that Sharbat does have standing to challenge the subpoena. *See Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018). However, Plaintiffs cannot show any undue burden as the subpoena is directed at FINRA, a non-party, and not at them. Moreover, the materials sought are at least relevant to Defendants' affirmative defenses under the broad standard of relevance applicable to non-party subpoenas served pursuant to Fed. R. Civ. P. 45. *See In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) (subpoenas issued under Rule 45 are subject to the same relevance requirement of Rule 26(b)(1)).

For these reasons, and for the reasons stated on the record, Plaintiffs' motion to quash the subpoena is denied, without prejudice to FINRA to make any motion it may deem appropriate. The stay of the instant subpoena is hereby lifted.

SO ORDERED.

Dated:   November 16, 2021
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.