UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Solomon Sharbat, Solomon Capital LLC,
Solomon Capital 401(K) Trust, Shelhav Raff,          Case No: 1:20-CV-01391-ER

                        Plaintiffs,
      v.

Iovance Biotherapeutics, Inc., f/k/a Lion
Biotechnologies Inc. f/k/a Genesis
Biopharma, Inc., and Manish Singh,

                    Defendants
-----------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL DOCUMENT PRODUCTION DULY
AND TIMELY DEMANDED FROM IOVANCE AND DEPOSITIONS
OF FORMER EXECUTIVE OFFICERS, DIRECTORS AND EMPLOYEES
INVOLVED IN THE TRANSACTIONS COMPLAINED OF IN COUNT I
OF THE OPERATIVE AMENDED COMPLAINT**

Plaintiffs, Solomon Sharbat ("Sharbat"), Solomon Capital LLC, Solomon Capital 401(K) Trust, and Shelhav Raff ("Raff"), respectfully submit this memorandum of law in support of their motion pursuant to Fed.R.Civ.P. 37(a)(1) and 37(a)(3) and prior permission of the Court at a status conference on Jan. 5, 2022 for an Order compelling Defendant Iovance to (i) produce specific documents timely requested and properly discoverable by Plaintiffs prior to the discovery cut-off date of January 4, 2022 but not timely produced by the sole remaining Defendant Iovance, as identified in the supporting Schwarz Decl., and (ii) to appear at timely and duly noticed depositions, which occurred prior to the passage of the discovery cut-off date, through its former chief executive officers, (1) Tony Cataldo, (2) Merrill McPeak and (3) Manish Singh; and (4) its former chief financial officer, Michael Handelmen; (5) its former key employee Roman Cataldo and (6) its board member, Paul Kessler, for oral depositions at dates and times fixed by the Court, having been timely and duly noticed for depositions and being the only

individuals who acted on behalf of Iovance, and thus possess direct and first-hand knowledge of the negotiation, execution, implementation and breach of the underlying agreements at issue in this litigation, which occurred in the years 2012-2014 , and for such other and further relief as the Court deems just and proper in the circumstances.

All of the underlying facts and documents underlying this motion and the need to compel document production and deposition appearances thereunder are discussed at length in the supporting declaration of Simon Schwarz, Esq. Only several legal issues involved in this motion are analyzed below.

## POINT I

### THE DOCUMENTS AND DEPOSITIONS SOUGHT TO BE COMPELLED CLEARLY MEET THE RELEVANCE STANDARD FOR PERMISSIBLE DISCOVERY UNDER RULE 26(B)

Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This rule is liberally construed and is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to [an] other matter that could bear on, any issue that is or may be in the case.'" *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc.,* 437 U.S. at 351. It is well-established within this Circuit that the rule will be satisfied if there is "any possibility" that the information sought may be relevant to the subject matter of the action. *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir. 1991) (quoting *Mallinckrodt Chem. Works v. Goldman Sachs & Co.,* 58 F.R.D. 348, 353 (S.D.N.Y. 1973)); *see also Maresco v. Evans*

2

*Chemetics, Div. of W.R. Grace & Co.,* 964 F.2d 106, 114 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad"). Furthermore a request for discovery is considered relevant if there is a possibility that the information sought may be relevant to the "any *party's* claim or defense." *Henry v. Morgan's Hotel Grp., Inc.,* 15-CV-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016). However, although a party "must be afforded a meaningful opportunity to establish the facts necessary to support his claim," a district court has "wide latitude to determine the scope of discovery," and abuses its discretion "only when the discovery is so limited as to affect a party's substantial rights." *In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir. 2008).

It is the burden of the party seeking the documents to demonstrate that the documents are relevant and within the bounds of discovery permitted by Rule 26(b). *See Republic of Argentina v. NML Capital, Ltd.,* 573 U.S. 134, 144-45 (2014); *Night Hawk Ltd. v. Briarpatch Ltd., LP,* No. 03 Civ.1382 (RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); *see also* Fed. R. Civ. P. 26(g)(1)(B)(iii) (proponent of discovery must certify that discovery sought is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."). It is also the burden of the party seeking the production to demonstrate that the other party has control over the documents sought." *In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 236 F.R.D. 177, 180 (S.D.N.Y. 2006).

As pointed out in the accompanying Schwarz Decl., the documents demanded by plaintiffs, whose production is sought to be compelled in this motion are unequivocally relevant under the above standard as they go to the core allegations of the first cause of action under the currently operative Amended Complaint. Further, the appearance at oral deposition of Iovance, through its

former chief executive officers, (1) Tony Cataldo, (2) Merrill McPeak and (3) Manish Singh; and (4) its former chief financial officer, Michael Handelmen; (5) its former key employee Roman Cataldo and (6) its board member, Paul Kessler, for oral depositions at dates and times fixed by the Court, having been timely and duly noticed for depositions prior to the passage of the discovery cut-off date and being the only individuals who acted on behalf of Iovance, and thus possess direct and first-hand knowledge of the negotiation, execution, implementation and breach of the underlying agreements at issue in this litgation, which occurred in the years 2012-2014.

## POINT II

### ANY RESPONSIVE DOCUMENTS TO THE OWNERSHIP ISSUE MAINTAINED ON IOVANCE'S BEHALF BY ITS OUTSIDE CPA FIRM OR TRANSFER AGENT ARE DEEMED IN ITS POSSESSION, CUSTODY OR CONTROL

Under Rule 34(a)(1), a party may serve a request for production of documents "in the responding party's possession, custody, or control." "`Control' has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought upon demand." *Shcherbakovskiy v. Pa Capo Al Fine, Ltd.,* 490 F.3d 130, 138 (2d Cir. 2007) quoting *Dietrich v. Bauer,* 2000 WL 1171132, at *3 (S.D.N.Y. Aug. 16, 2000), *on reconsideration in part,* 198 F.R.D. 397 (S.D.N.Y. 2001). For example, "[d]ocuments in the possession of a party's attorney may be considered to be within the control of the party." *Chevron Corp. v. Donziger,* 296 F.R.D. 168, 190 (S.D.N.Y. 2013) (Kaplan, J.) (quoting 7 Moore's Federal Practice § 34.14[2][c], at 34-80). "The. . . application of the concept [of `control'] is often highly fact-specific." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2210 (2d ed. 1994*); see also Mintz Fraade Law Firm, PC v. Brady*, No. 19-CV-10236 (JMF) (SDNY Feb. 17, 2021) (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig*., 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (internal quotation marks and citation omitted)("The concept of control has been construed

4

broadly. If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have control.") ; In re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 530 (S.D.N.Y.1996) (Sweet, J.)(noting that production is required under Rule 34 if a party has a "legal right to obtain" documents).

"Accordingly, where discovery is sought from an entity for documents in the physical possession of another, affiliated entity, `[i]t is the discovering party's burden to demonstrate that the requested entity has either the legal right or the practical ability to obtain the documents in question from their custodian.'" In re: Application of Passport Special Opportunities Master Fund, LP for an Order Compelling Compliance with a Subpoena Issued to Deloitte Touche Tohmatsu Ltd. Pursuant to 28 U.S.C. § 1782, 16 Misc. 33 (PAE), 2016 WL 844833 at *4 (S.D.N.Y. Mar. 1, 2016) (Engelmayer, D.J.), Quoting In re Nortel Networks Corp., Sec. Litig., 01 Civ. 1855 (RMB)(MHD), 2004 WL 2149111 at *2 (S.D.N.Y. Sept. 23, 2004) (Dolinger, M.J.).

Applying these principles to the circumstances at hand involving a publicly traded company such as Iovance, regularly raising funds through public offerings and engaging in stock sales must include any ownership records held by its Transfer Agent since it has both the legal right and the practical ability to obtain the documents in question from their custodian. The same is true of any accounting records held by its outside CPA firm which audits in detail Iovance's shareholder's equity files

## CONCLUSION

For all the foregoing reasons and those more fully addressed in the supporting Schwarz Declaration, the relief requested herein, as set forth in the Notice of Motion should be granted in its entirety.

Respectfully submitted,

_/s/ Simon Schwarz_
Simon Schwarz, Esq.