UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOLOMON SHARBAT, SOLOMON CAPITAL LLC, SOLOMON CAPITAL 401(K) TRUST, and SHELHAV RAFF,

         Plaintiffs,

– against –

IOVANCE BIOTHERAPEUTICS, INC. *formerly known as* Lion Biotechnologies, Inc., *formerly known as* Genesis Biopharma, Inc.,

         Defendant.

**ORDER**
20-cv-1391 (ER)

---

Ramos, D.J.:

  Solomon Sharbat, Solomon Capital LLC, Solomon Capital 401k Trust, and Shelhav Raff brought this suit against Iovance Biotherapeutics for unjust enrichment and indemnification on February 18, 2020. *See* Doc. 1, the Complaint; Doc. 15, the First Amended Complaint ("FAC").

  Pursuant to the Court's September 3, 2021 scheduling order, discovery in this case closed on January 4, 2022. Doc. 54. At a case management held on January 5, 2022, the Court told the parties that "[d]iscovery [was] closed." *See* Doc. 94 at 26:13; *see also id.* at 2: 11–14 ("This matter is on for case management conference . . . . [A] case management conference means all discovery is completed, and we just talk about next steps."). Although discovery had closed, Simon Schwarz, counsel for Plaintiffs, requested leave from the Court to file a motion to compel discovery. *Id.* at 24:20–25. The Court granted Schwarz leave to do so, though cautioned him that the Court would be "disinclined" to grant his motion "based on everything that [it] kn[ew] about th[e] case." *Id.* at 28:14–17.

On January 19, 2022, following the close of discovery, Plaintiffs filed a motion to compel discovery, specifically for the production of documents and for the attendance of certain individuals at depositions. Doc. 97. Iovance's opposition to the motion was originally due January 26, 2022. Doc. 99.

On January 25, 2022, Sharbat informed the Court and Defendant's counsel via email that Plaintiffs' counsel had suffered a serious health incident and requested that the Court adjourn all deadlines for sixty days. The Court granted that request. See Doc. 100.

On February 8, 2022, Sharbat advised via email that Plaintiffs' counsel had passed away, and requested until the scheduled April 7, 2022 case management conference to retain new counsel.

On March 25, 2022, approximately sixty days after Plaintiffs' counsel filed their motion to compel, Defendant filed its opposition to the motion. Docs. 102–06.

On March 29, 2022 the Court ordered Plaintiffs to advise the Court at the upcoming April 7, 2022 conference whether they wished to re-file their motion to compel or whether they would withdraw it. Doc. 107. That conference was adjourned to April 15, 2022. Doc. 115.

On April 1, 2022, Plaintiffs filed a motion for leave to amend the First Amended Complaint on behalf of non-party MBA Sharbat. Doc. 111.

At the April 15, 2022 conference, counsel for Plaintiffs asserted that discovery had not closed but did not seek leave from the Court to renew the January 19, 2022 motion to compel, pursuant to the Court's March 29, 2022 order. *See* Doc. 121, April 15, 2022 Conference Transcript, at 8:1–3 (Counsel for Plaintiffs stating: "Discovery's clearly not over. I don't think there's been more than one deposition in this case."). Rather, Plaintiffs sought leave to file a second amended complaint, and then stated that they intended to move for summary judgment.

*See id.* at 3:14–22 (Counsel for Plaintiffs: "So it's a very straightforward breach of contract case. What we intend on doing, your Honor, quite frankly is moving to amend, and then we'll – we think we're going to probably move for summary judgment on the breach of contract and the declaratory judgment causes of action. Certainly, if the defendants think they need discovery, we will certainly work it out with them, but we think this is a relatively straightforward case, even though it wasn't before we got involved."). At the April 15, 2022 conference, the Court also granted Iovance leave to file a motion for sanctions. *Id.* at 12:16–21, 13:6–8.

On January 4, 2023, the Court granted the motion for sanctions, dismissing Plaintiffs' breach of contract claim, denying Plaintiffs' motion to amend, and awarding Iovance attorneys' fees occurred in connection with the motion for sanctions. Doc. 140.

At a January 19, 2023 status conference, Plaintiffs brought to the attention of the Court that the January 19, 2022 motion to compel discovery remained outstanding.

The Court hereby finds that Plaintiffs have not shown good cause to justify their delay in moving to compel discovery. *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) ("[A] party seeking to file a motion to compel after discovery has closed must . . . establish good cause."). Furthermore, Plaintiffs failed to advise the Court that they wished to refile the motion at the April 15, 2022 conference—or any time thereafter—pursuant to the March 29, 2022 order. Accordingly, the motion to compel discovery is DENIED.

It is SO ORDERED.

Dated:   January 19, 2023
         New York, New York

_____
Edgardo Ramos, U.S.D.J