UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOLOMON SHARBAT, SOLOMON
CAPITAL LLC, SOLOMON
CAPITAL 401(K) TRUST, *and*
SHELHAV RAFF,

                         Plaintiffs,

            – against –

IOVANCE BIOTHERAPEUTICS, INC.
*f/k/a* LION BIOTECHNOLOGIES, INC.
*f/k/a* GENESIS BIOPHARMA, INC.,
*and* MANISH SINGH,

                         Defendants.

**OPINION & ORDER**

20-cv-1391 (ER)

RAMOS, D.J.:

        Solomon Sharbat, Solomon Capital LLC, Solomon Capital 401(K) Trust, and Shelhav Raff (collectively, "Plaintiffs") brought this action against Iovance Biotherapeutics ("Iovance") for the alleged breach of a finder's fee agreement. Doc. 15 (First Am. Compl.). Before the Court is Iovance's Motion for attorney's fees pursuant to the MBA Agreement[1] and Cal. Civ. Code § 1717(a). Doc. 240 at 19; Fed. R. Civ. P. 11(c)(4). Particularly, the Court considers Iovance's updated billing records, ordered in the Court's January 5, 2022, Opinion & Order, reflecting the Court's reduced rates for junior associate Chinelo Ikem and paralegal Regina Dukach. Doc. 240. The Court assumes familiarity with the background of this case, which is described in detail in the Court's prior opinion. *See Sharbat v. Iovance Biotherapeutics, Inc.,* No. 20-cv-1391 (ER), 2024 WL 2078390, at *1 (S.D.N.Y. May 9, 2024). An abbreviated summary of relevant facts is included below.

---

[1] On June 15, 2012, Iovance signed a contract with non-party MBA Holdings, LLC "to act as a finder to seek financing and other strategic relationships" by introducing investors to Iovance who would participate in planned equity financing ("the MBA Agreement"). Doc. 188 ¶ 10–11.

Plaintiffs filed this suit on September 27, 2019 in New York state court against Iovance and Manish Singh. Doc. 1-1. On February 18, 2020, Iovance removed the case to this Court. Doc. 1. Plaintiffs amended their complaint on May 1, 2020. Doc. 15. Pursuant to that amended complaint, Plaintiffs brought claims for breach of contract, unjust enrichment, and indemnification against Iovance, as well as claims for fraud and conversion against Singh.[2] *Id.*

On May 16, 2022, Iovance filed a Rule 11 motion, asking the Court to: (1) strike MBA Sharbat's motion for leave to amend; (2) dismiss the FAC; and (3) order Plaintiffs and their counsel to pay $620,426 for attorneys' fees and $135,305 for expenses that Iovance has incurred defending against Plaintiffs' allegations. Doc. 124 at 8.

On January 4, 2023, the Court granted Iovance's motion for sanctions, resulting in the dismissal of all claims except Plaintiffs' claims for unjust enrichment and indemnity. Doc. 140 (Jan. 4, 2023 Op.) at 40–41.[3] Thereafter, on July 10, 2023, Iovance moved for summary judgment on those remaining claims (Doc. 184), which the Court granted on October 26, 2023 (Doc. 209) and closed the case. On November 10, 2023, Iovance moved for attorneys' fees under the terms of the MBA Agreement. Doc. 213.

On November 22, 2023, Plaintiffs appealed the Court's decisions granting Iovance's motions for judgment on the pleadings (Doc. 92) and sanctions (Doc. 140), denying Plaintiffs' motion to compel after the close of discovery (Doc. 142) and motion for reconsideration of the same almost one year later (Doc. 208), and granting Iovance

---

[2] In its January 5, 2022, Opinion & Order, the Court granted Defendants' motions for judgement on the pleadings and dismissed Plaintiffs' second and third causes of action for breach of contract and fifth and sixth causes of action for fraud and conversion. Doc. 92. As a result, only Plaintiffs' first cause of action against Iovance for breach of contract survived, along with their claims for unjust enrichment and indemnification. *Id.* All claims against defendant Singh were dismissed. *Id.*

[3] The Court declined to dismiss the first amended complaint in its entirety, as the merits of Plaintiffs' unjust enrichment claims and indemnity claims had not been argued (because they were not brought in the proposed second amended complaint) and therefore could be supportable, but the Court dismissed the balance of the complaint with prejudice. Doc. 140 at 40. The Court reasoned, in part, that the record before it showed that Plaintiffs were neither direct parties to the MBA Agreement, nor intended beneficiaries thereof. *Id.* at 24. The Court also struck the motion for leave to amend and ordered Plaintiffs to pay Iovance's attorneys' fees incurred in connection with the Rule 11 motion. *Id.* at 40–41.

summary judgment (Doc. 209). [4] Doc. 222. Iovance moved to require Plaintiffs to post an appeals bond on December 22, 2023. Doc. 225.

On February 23, 2024, Iovance filed (1) a motion to require Plaintiffs to post an appeal bond (2) submissions for the amount of sanctions, and (3) a motion for attorney's fees. Docs. 141, 213, 225. In its May 9, 2024, Opinion & Order, the Court granted Iovance's motion for (1) an appeals bond,[5] (2) $51,005 in attorneys' fees incurred in connection with its Rule 11 motion for sanctions, and (3) attorneys' fees pursuant to the MBA Agreement and Cal. Civ. Code § 1717(a). Doc. 240 at 19; Fed. R. Civ. P. 11(c)(4).

However, the Court reduced the rates of two Iovance employees, junior associate Chinelo Ikem and paralegal Regina Dukach,[6] and held that "the billing statements Iovance submitted do not specify the hourly rate charged for each billing entry, nor does Glazer's affidavit disaggregate which portions of the total $598,100.70 sum sought are attributable to which attorney or paralegal." *Id.* at 14. Therefore, the Court determined that "it cannot calculate the new amount of attorneys' fees after the reduction in Ikem and Dukach's hourly rates." *Id.* Accordingly, the Court directed Iovance to "resubmit the relevant billing records (1) with the reduction in Ikem and Dukach's rates and (2) without including in any calculations therein any entries for which Iovance does not seek payment" for Court approval by May 24, 2024. *Id.* at 14, 15, 19.

On May 22, 2024, Iovance filed updated billing records reflecting Ikem and Dukach's reduced rates. Doc. 241. With the included reductions, Iovance seeks fees totaling $591,064.70. The fees are comprised of the following components:

---

[4] Although "the filing of a notice of appeal has jurisdictional implications, . . . notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) (internal citations omitted); *accord Neroni v. Becker*, 609 F. App'x 690, 692 (2d Cir. 2015). The Court therefore retains jurisdiction for purposes of deciding the instant motion before the Court.

[5] The Court directed Plaintiffs to post a $50,000 appeal bond. Doc. 240 at 18.

[6] The Court reduced the hourly rate of Ikem from $440 to $355, and Dukach from between $280 and $310 to $200. Doc. 240 at 14.

3

 (i) $334,267 for 504.3 hours of Russell Glazer's time, at hourly rates ranging from $610 in 2019 to $710 in 2023;

 (ii) $36,597 for 53.3 hours of Istvan Benko's time, at hourly rates ranging from $655 in 2019 to $730 in 2023;

 (iii) $59,201.70 for 140.5 hours of Benjamin Clements's time, at hourly rates ranging from $360 in 2019 to $495 in 2023;

 (iv) $145,075.50 for 389.5 hours of Eric M. Sefton's time, at hourly rates ranging from $360 in 2021 to $465 in 2023;

 (v) $2,023.50 for 5.7 hours of Ikem's time, at an hourly rate of $355; and

 (vi) $13,900 for 69.5 hours of Dukach's time, at an hourly rate of $200.[7]

Doc. 241 at 2, 3. The Court finds that the updated billing records sufficiently allow the Court to determine the attorney's fees. Additionally, in its January 5, 2022, Opinion & Order, the Court held that "the attorney hours for which Iovance seeks payment from Plaintiffs are neither padded nor excessive, nor did counsel engage in block billing," and held that in all other respects, Iovance's motion for attorney's fees was granted. *Id.* at 14.

 Accordingly, Iovanc's motion for attorney's fees is GRANTED.

## I. CONCLUSION

 For the reasons set forth above, Iovance's motion for attorneys' fees pursuant to the MBA Agreement and § 1717 is GRANTED.

It is SO ORDERED.

Dated: September 6, 2024
    New York, New York

                        EDGARDO RAMOS, U.S.D.J.

---

[7] Initially, Ikem's total was $2,508 for 5.7 hours at an hourly rate of $440, and Dukach's total was $20,451.50 for 69.5 hours at hourly rates ranging from $380 in 2021 to $310 in 2023. Doc. 241 at 3.