UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOLOMON SHARBAT, SOLOMON CAPITAL LLC, SOLOMON CAPITAL 401(K) TRUST, and SHELHAV RAFF,

                Plaintiffs,

-*against*-

IOVANCE BIOTHERAPEUTICS, INC. *formerly known as* Lion Biotechnologies, Inc., *formerly known as* Genesis Biopharma, Inc.,

                Defendant.

**ORDER**

20-cv-01391 (ER)

RAMOS, D.J.:

    Solomon Sharbat, Solomon Capital LLC, Solomon Capital 401k Trust, and Shelhav Raff brought this suit against Iovance Biotherapeutics for breach of contract and related claims for unjust enrichment and indemnification on February 18, 2020. *See* Doc. 1; Doc. 15. Following a successful motion for Rule 11 sanctions by Iovance that resulted in the dismissal of all other claims, Plaintiffs' only remaining claims were for unjust enrichment and indemnity. Doc. 140 at 40–41. Iovance thereafter moved for summary judgment on those remaining claims, Doc. 184, which the Court granted on October 26, 2023. Doc. 209. Then, on September 23, 2024, the Court entered a judgment in favor of Iovance in the amount of $649,939.20. Doc. 246. Before the Court is Plaintiffs' joint motion to vacate or modify the Rule 11 Sanctions and shift liability to Attorney Richard Roth pursuant to Fed. R. Civ. P. 60(b)(2) and 60(b)(3). Doc. 260.

    More than two years ago, on January 4, 2023, the Court granted Defendant's motion for sanctions against Plaintiffs for violating Rules 11(b)(1), (2), and (3) of the Federal Rules of Civil

Procedure (the "Rule 11 Order"). Doc. 140. Specifically, the Court concluded that sanctions against Plaintiffs were warranted "both for filing and refusing to withdraw the claim that Iovance breached the Finder's Fee Agreement, as well as for the offenses related to the motion for leave to amend." Doc. 140 at 40.

At a status conference held on August 6, 2025, Sharbat shared that he had "discovered" email correspondence from his previous attorney that he believed warranted reconsideration of the Court's Rule 11 Order. The Court advised Plaintiffs that they could file their motion for reconsideration but also cautioned that there may be additional sanctions if the Court were to find that Plaintiffs' filing unnecessarily caused Defendant to engage in additional litigation.

On August 15, 2025 and again on August 21, 2025, Sharbat, proceeding *pro se*, emailed the Court and Defendant Plaintiffs' motion, seeking to vacate the Court's Rule 11 Order or in the alternative, "shift[] 100% of the sanctions liability" to Richard Roth, one of Plaintiffs' former attorneys. Doc. 260.

On August 22, 2025, Defendant filed a response urging the Court to deny the motion, arguing that Plaintiffs' motion for reconsideration is "unquestionably untimely" pursuant to Local Rule 6.3 and Federal Rules of Civil Procedure 60(b)(2) and 60(b)(3). Doc. 261 at 1–2. In the alternative, Defendant requested that the Court adjourn the motion for reconsideration to allow it sufficient time to prepare, serve, and if necessary, file another Rule 11 motion. *Id.* at 2.

On August 25, 2025, Plaintiffs filed a letter opposing Defendant's request to adjourn their motion, Doc. 260, arguing that "[Defendant's] argument that our motion is untimely is incorrect and is premised on their own misconduct," in addition to several other arguments. Doc. 262 at 1.

On August 28, 2025, Defendants filed a letter response, stating that "[n]othing in Plaintiffs' opposition justifies Plaintiffs' untimely motion for reconsideration of the Court's …

2

Rule 11 Order." Doc. 264 at 1.

Also on August 28, 2025, Plaintiffs submitted a letter response, asserting that Defendant's "letter misrepresents facts, ignores evidence, and continues their pattern of misleading the Court." Doc. 265 at 1.

The Court finds that Plaintiffs' motion for reconsideration is untimely, and Plaintiffs' have not shown good cause to excuse the delay. As Defendant points out, the five emails Plaintiffs suggest led them to file their motion for reconsideration are dated between May 26, 2022 and February 23, 2023. Doc. 264 at 2. Plaintiffs argue that "the evidence was concealed until [2025]," Doc. 265 at 1, but it is patently clear that Sharbat was aware of the emails at the time they were sent because they are either addressed to Sharbat and Raff or they are copied on them. Under Local Rule 6.3, "unless otherwise provided by the court or by statute or rule . . . a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." Federal Rules of Civil Procedure 60(b)(2) and 60(b)(3) require that such a motion "must be made within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding" that the motion seeks to modify. Fed. R. Civ. P. 60(c)(1).

Here, Plaintiffs waited more than two and a half years to file their motion for reconsideration. *McGraw-Hill Global Education Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion."); *Barzee v. Abdulla*, No. 23-cv-2328 (PMH), 2024 WL 4836870, at *2 (S.D.N.Y. Nov. 20, 2024) ("Plaintiff's motion for reconsideration is denied as untimely.")

Accordingly, the motion for reconsideration is DENIED. The Clerk of the Court is

3

respectfully directed to terminate the motion, Doc. 260.

    It is SO ORDERED.

Dated:    September 4, 2025
            New York, New York

                                                    Edgardo Ramos, U.S.D.J.