UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOLOMON SHARBAT, SOLOMON CAPITAL LLC, SOLOMON CAPITAL 401(K) TRUST, SHELHAV RAFF,

PLAINTIFFS,

V.

IOVANCE BIOTHERAPEUTICS, INC., F/K/A LION BIOTECHNOLOGIES INC. F/K/A GENESIS BIOPHARMA, INC., AND MANISH SINGH,

DEFENDANTS.

---

**DEFENDANT IOVANCE BIOTHERAPEUTICS, INC. F/K/A LION BIOTECHNOLOGIES INC. F/K/A GENESIS BIOPHARMA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO APPEAL AND STAY OF COLLECTION EFFORTS PENDING APPEAL**


CIVIL ACTION NO:
1:20-CV-01391-ER

03424-0008 4920-2747-6109.1

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ............................................................................................ii

I.    BACKGROUND ....................................................................................................3

II.   THE COURT MUST DENY PLAINTIFFS' REQUEST TO FURTHER
      PROLONG THIS MATTER BY EXTENDING THEIR DEADLINE TO
      APPEAL. ................................................................................................................4

      A.    Plaintiffs' Motion Is Untimely And Must Be Denied On That Basis...................4

      B.    Even If Plaintiffs' Motion Were Timely (And It Is Not), It Still Must
            Be Denied Because Plaintiffs Fail To Establish Excusable Neglect. ...................5

            1.    The Court Served The September 4, 2025 Order On Plaintiffs In
                  Conformity With Federal Rule of Civil Procedure 77...............................6

            2.    Sharbat Expressly Refused To Accept Service By Email. ..........................6

            3.    Iovance Would Be Prejudiced By Continued Re-Litigation Of
                  This Issue. .................................................................................................7

III.  THE COURT SHOULD REJECT APPELLANTS' UNSUPPORTED
      REQUEST TO STAY COLLECTION OF IOVANCE'S JUDGMENT
      AGAINST THEM.....................................................................................................8

IV.   CONCLUSION.....................................................................................................10

TABLE OF AUTHORITIES

PAGE(S)

CASES

*Bartolini v. Cassels*,
 801 Fed. Appx. 10 (2d Cir. 2020)............................................................................2, 6

*Friedland v. UBS AG*,
 2020 WL 13660522 (E.D.N.Y., Feb. 26, 2020)............................................................4

*Griffin v. Lamanna*,
 2024 WL 4562580 (N.D.N.Y., Oct. 24, 2024) .............................................................5

*Hilton v. Braunskill*,
 481 U.S. 770 (1987)....................................................................................................2, 9

*In re World Trade Ctr. Disaster Site Litig.*,
 503 F.3d 167 (2007)........................................................................................................9

*Jones v. Niagara Frontier Trans. Auth.*,
 722 F.2d 20 (2d Cir. 1983)............................................................................................1

*Millhouse v. New York State Dept. of Correctional Services*,
 439 Fed. Appx. 41 (2d Cir. 2011)................................................................................1

*Morgan Guar. Trust Co. of New York v. Republic of Palau*,
 702 F. Supp. 60 (S.D.N.Y., 1988) .............................................................................2, 9

*Nken v. Holder*,
 556 U.S. 418 (2009)....................................................................................................2, 9

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*,
 507 U.S. 380 (1993)........................................................................................................5

*Rivera v. Home Depot U.S.A. Inc.*,
 2018 WL 3105069 (S.D.N.Y., June 25, 2018) ..........................................................9

*Silivanch v. Celebrity Cruises, Inc.*,
 333 F.3d 355 (2d Cir. 2003)..........................................................................................5

*United States v. Darling*,
 706 Fed. Appx. 34 (2d Cir. 2017)..............................................................................5, 7

*United States v. Hooper*,
 9 F.3d 257 (2d Cir. 1993)..............................................................................................7

ii

*United States v. Vilar*,
 645 F.3d 543 (2d Cir. 2011)...................................................................................4

*Women's Pavillon, Inc. v. Town of Babylon*,
 502 F. Supp. 420 (E.D.N.Y., 1980) ......................................................................4

**RULES**

Fed. R. App. P. 4(a) ................................................................................................1, 4, 6

Fed. R. App. P. 4(a)(5).............................................................................................1, 4, 5

Fed. R. App. P. 4(a)(5)(A) ...............................................................................................1

Fed. R. App. P. 4(a)(5)(A)(i) ..........................................................................................4

Fed. R. App. P. 4(a)(5)(A)(ii) .........................................................................................4

Fed. R. Civ. P. 5(b) .........................................................................................................6

Fed. R. Civ. P. 5(b)(2)(C) ...............................................................................................6

Fed. R. Civ. P. 62 ............................................................................................................8

Fed. R. Civ. P. 62(b) .......................................................................................................8

Fed. R. Civ. P. 77 ............................................................................................................6

Fed. R. Civ. P. 77(d) ...................................................................................................2, 6

Fed. R .Civ. P. 77(d)(2)....................................................................................................6

03424-0008 4920-2747-6109.1

Pursuant to the Court's Order of January 30, 2026, Defendant Iovance Biotherapeutics, Inc. f/k/a Lion Biotechnologies Inc. f/k/a Genesis Biopharma Inc. ("Iovance") submits this opposition to Plaintiffs' Motion For Extension Of Time To Appeal Pursuant To Fed. R. App. P. 4(a)(5) And For Stay Of Collection Efforts Pending Appeal (the "Motion to Extend").[1]

Plaintiffs' Motion to Extend fails at the threshold because it is untimely. Rule 4(a)(5)(A) requires that motions to extend the deadline to file a notice of appeal must be filed within 30 days of the deadline prescribed by that Rule to file an appeal. Fed. R. App. P. 4(a)(5)(A). The Motion to Extend pertains to this Court's September 4, 2025 denial of Plaintiffs' Motion for Reconsideration.[2] [Dkt. 266.] Plaintiffs did not seek to file the Motion to Extend until nearly four months later, on January 29, 2025. "[T]he district court is without power to grant an extension" when a Rule 4(a)(5) motion to extend is not filed "withing the 30-day grace period immediately following the 30-day appeal period." *Millhouse v. New York State Dept. of Correctional Services*, 439 Fed. Appx. 41, 42 (2d Cir. 2011) (dismissing pro se litigant's notice of appeal under FRAP 4(a) because it was untimely).

In any case, the Motion to Extend fails because Plaintiffs cannot establish "good cause" or "excusable neglect" to support their delay. The Motion to Extend is based on Plaintiffs' claim that they "reasonably expected" to receive email service of the Court's September 4, 2025 Order based on events that occurred at the August 6, 2025 hearing in this matter. [Dkt. 270 at p. 3.]

---

[1] Plaintiffs' submission should not be considered to the extent it purports to be submitted on behalf of Solomon Capital LLC because it is unrepresented. It is well settled that corporations can only appear in court through an attorney, and may not proceed pro se. *Jones v. Niagara Frontier Trans. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread.") (citing cases).

[2] Plaintiffs' Motion for Reconsideration related to the Court's January 4, 2023 Order granting Iovance's Rule 11 motion, which was entered more than two years prior. [Dkt. 140.]

But in portions of the transcript of the hearing that Plaintiffs strategically omitted from their filing, Sharbat expressly refused to accept service by email, saying "Nope.  Nope" to the request. [Dkt. 267 at 9:2-6.]  As a result, and as reflected by the docket, the Court clerk served the September 4, 2025 Order by mail on September 5, 2025 pursuant to Federal Rule of Civil Procedure 77(d).  Moreover, even pro se litigants like Plaintiffs have "an obligation to monitor the docket." *Bartolini v. Cassels*, 801 Fed. Appx. 10, 11–12 (2d Cir. 2020).  Indeed, Plaintiffs' facility with PACER is demonstrated by their attaching portions of the August 6, 2025 hearing transcript, which they apparently obtained from PACER, to their Motion.

Plaintiffs also fail to present facts supporting their request for an unsecured stay of enforcement of the Court's Judgment.  [Dkt. 246.]  In deciding whether to permit a stay of enforcement pending appeal, Courts must consider traditional factors, including:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injury the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Courts are also to consider a number of factors aimed at protecting "the judgment creditor's interest in ultimate recovery." *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y., 1988) (denying request for a stay without having to post a supersedeas bond).  Here, Plaintiffs make absolutely no showing of likelihood of success nor that there is any public interest supporting their request.  And far from showing that a stay will protect Iovance's ability to recover, Plaintiffs claim that they lack the resources to pay the Judgment, much less post any security.

03424-0008  4920-2747-6109.1

Enough is enough.  This case is over and the Court should reject Plaintiffs' latest attempt to revive it.

## I.      BACKGROUND

The Motion to Extend is Plaintiffs' most recent effort to revive this baseless lawsuit, to relitigate matters that the Court adjudicated years ago, and to avoid accountability for the substantial attorneys' fees they required Iovance to incur in defending against Plaintiffs' specious claims.

The Court has been dealing with this case – and these Plaintiffs - since February 18, 2020.  [Dkt. 1.]  The Order that Plaintiffs are ultimately seeking to overturn is the Court's January 4, 2023 Order granting Iovance's Rule 11 motion and awarding sanctions.  [Dkt. 140.]  On September 23, 2024, after having rejected all of Plaintiffs' remaining claims on summary judgment, the Court entered Judgment in favor of Iovance in the amount of $649,939.20 (the "Judgment").  [Dkt. 246.]  Plaintiffs appealed, and on December 2, 2024, the Court of Appeals dismissed Plaintiffs' appeal.  [Dkt. 248.]  More than eight months later, on August 21, 2025, Plaintiffs filed a Motion to Vacate or Modify the Sanctions Order (the "Motion for Reconsideration").  [Dkt. 260.]  On September 4, 2025, the Court denied the Motion for Reconsideration, finding that it was untimely and "patently clear that Sharbat was aware of" the supposedly new evidence underlying the motion for more than two and a half years before filing the motion.  [Dkt. 266 at p. 3.]  As reflected by the Docket, on September 5, 2025, the Court clerk served the Court's ruling on Plaintiffs by mail.

On January 29, 2026, Plaintiffs emailed the Motion to Extend to the Court, seeking leave to file a late appeal of a Motion for Reconsideration of the Sanctions Order that was entered more than three years ago.

03424-0008 4920-2747-6109.1

**II.    THE COURT MUST DENY PLAINTIFFS' REQUEST TO FURTHER PROLONG THIS MATTER BY EXTENDING THEIR DEADLINE TO APPEAL.**

Under FRAP 4(a)(5), a district court may extend the time to file a notice of appeal if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii). As set forth below, Plaintiffs fail to meet either of these elements.

**A.    Plaintiffs' Motion Is Untimely And Must Be Denied On That Basis.**

The thirty-day filing deadline under FRAP 4(a)(5) is "mandatory and jurisdictional." *Friedland v. UBS AG,* 2020 WL 13660522, at *1 (E.D.N.Y., Feb. 26, 2020) (denying pro se litigant's motion for extension of time to appeal), citing *United States v. Vilar*, 645 F.3d 543, 546 (2d Cir. 2011). Indeed, Rule 4(a) was amended in 1979 to "make it clear that a motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time ...." *Women's Pavillon, Inc. v. Town of Babylon*, 502 F. Supp. 420, 422 (E.D.N.Y. 1980), citing Adv. Comm. Note to Proposed Amendments to Rule 4(a), F.R.A.P.

Plaintiffs seek an order extending their deadline to appeal this Court's September 4, 2025 Order. Mot. at 2. As set forth above, under FRAP 4(a)(5), Plaintiffs had 30 days—or until October 6, 2025—to file a timely notice of appeal. Thereafter, Rule 4(a)(5)(A)(i) provided Plaintiffs an additional 30 days—or until November 5, 2025—to move, upon a showing of excusable neglect or good cause, for an order extending their time to file a notice of appeal.

Plaintiffs did not seek to file the Motion to Extend until January 29, 2026, when they emailed the motion and its supporting documents to the Court. Because this Court is without jurisdiction to grant untimely motions for leave to extend the deadline to file an appeal, Plaintiffs' request must be denied. *See, e.g., Women's Pavillon, Inc.*, 502 F. Supp. at 422 (even

4

03424-0008 4920-2747-6109.1

if court were to accept parties' excuses for delay, courts are required to deny late-filed motions to extend the deadline to appeal).

**B.      Even If Plaintiffs' Motion Were Timely (And It Is Not), It Still Must Be Denied Because Plaintiffs Fail To Establish Excusable Neglect.**

"A late claimant has the burden of proving excusable neglect." *Griffin v. Lamanna*, 2024 WL 4562580, at \*3 (N.D.N.Y., Oct. 24, 2024) (denying request to extend appellate deadline for failure to establish excusable neglect).  In determining whether a party has established "excusable neglect" under Rule 4(a)(5), "courts evaluate:  [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *United States v. Darling*, 706 Fed. Appx. 34, 36 (2d Cir. 2017) (denying plaintiff's motion to extend appellate deadline), citing *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).  "The equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule.'" *Id.*, citing *Silivanch v. Celebrity Cruises, Inc*., 333 F.3d 355, 366 (2d Cir. 2003) (dismissing late appeals for lack of a finding of "excusable neglect").

Plaintiffs claim that they (i) were not served with the September 4, 2025 Order, (ii) "reasonably expected" the Court to email it to them, and (iii) did not learn of the Order until January 25, 2026.[3]  These claims are demonstrably false and do not warrant a finding of excusable neglect.  Moreover, Iovance will be prejudiced if the Court grants the Motion to Extend.

---

[3]    Plaintiff Shelhav Raff does not submit any declaration attesting that he failed to receive notice of the September 4, 2025 Order; therefore, he has failed to make any showing of lack of notice or excusable neglect.

03424-0008 4920-2747-6109.1

### 1.    The Court Served The September 4, 2025 Order On Plaintiffs In Conformity With Federal Rule of Civil Procedure 77.

As reflected on the Court's docket, on September 5, 2025, the clerk mailed the Order to each of the Plaintiffs.  This was proper service.  "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b) on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d).  Under subsection (2)(C) of Rule 5(b), proper service of a document includes "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b).

In any case, "[l]ack of notice of the entry does not affect the time to appeal or relieve—or authorize the court to relieve—a party for failure to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R .Civ. P. 77(d)(2).  Even Plaintiffs, as pro-se litigants, are not exempted from the requirement of monitoring the docket. *Bartolini*, 801 Fed. Appx. At 11–12 (pro se litigant "still had an obligation to monitor the docket").  By attaching portions of the August 6, 2025 hearing transcript to their Motion to Extend, Plaintiffs concede that they are familiar with the Court's electronic filing system and have the ability to access the docket to check for hearing transcripts, motion papers, and orders like the September 4, 2025 Order.

### 2.    Sharbat Expressly Refused To Accept Service By Email.

Plaintiffs claim that, because they were granted permission to submit motions by email to chambers, they "reasonably expected all substantive orders/notices (including the September 2025 decision) to follow this Court-sanctioned email practice."  [Dkt. 270 at 3.]  In support of this assertion, Sharbat has submitted a declaration [Dkt. 271] attaching pages 8 and 11 of the transcript of the August 6, 2025 hearing in this matter, begging the question of what was said on

6

pages 9 and 10, which Plaintiffs chose not to include.  The missing pages reflect that Sharbat

expressly refused to accept service by email.

When asked directly by the Court whether he would accept service by email, Sharbat replied:

> Nope. Nope. No, but I'm going to research it why – what's the difference because I can't make the decision right now, so I'd rather say no and then later say yes if I research it and it seems to be okay. Let me research that.

[Dkt. 267 at 9:2-6.]

"Whether excusable neglect exists is at bottom an equitable [decision]." *United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993) (internal quotations removed).  Plaintiffs' decision to remove these pages from the transcript they submitted should preclude them from appealing to the Court's equitable authority to excuse their failure to appeal the September 4, 2025 ruling.[4]

### 3. Iovance Would Be Prejudiced By Continued Re-Litigation Of This Issue.

Considerations of prejudice and equity also weigh against granting the motion.  *See, e.g., United States v. Hooper*, 9 F.3d at 259; *United States v. Darling,* 706 Fed. Appx. at 36.  Iovance will be prejudiced if Plaintiffs are permitted to extend their deadline to file an appeal.  Plaintiffs are seeking permission to relitigate a sanctions motion which was granted three years ago, and for which they have already filed the Motion for Reconsideration.  Their Motion for Reconsideration was denied more than four months ago.

---

[4]  Sharbat's assertion that he never received notice should not be accepted at face value.  This Court has already found that Plaintiffs are not trustworthy witnesses when it comes to their claims of lack of notice.  In denying the Motion for Reconsideration, the Court recognized that, although "Plaintiffs argue that 'the evidence was concealed until [2025],' … it is patently clear that Sharbat was aware of the emails at the time they were sent because they are either addressed to Sharbat and Raff or they are copied on them." [Dkt. 266, p. 3.]  Moreover, as set forth above, Sharbat's co-plaintiff Raff does not deny receiving notice of the Order.

This case has been deemed "closed" for more than two years, dating back to October 27, 2023 when the Clerk entered judgment on Iovance's summary judgment.  Iovance deserves the finality of resolution, without constantly having to contend with Plaintiffs' incessant and vexatious tactics.  Moreover, Iovance has expended significant resources seeking to domesticate this Judgment in Israel so that it can finally collect on the sanctions and attorneys' fees award entered against Plaintiffs.  Iovance should not have to risk jeopardizing those efforts to satisfy Plaintiffs' every whim.

Nor does equity support granting the Motion.  This Court has already found that Plaintiffs have engaged in frivolous conduct.  See, e.g., Dkt. 140, p. 38 (finding a "basis for imposing sanctions where, like here, counsel executes an illegal assignment in an effort to maintain an otherwise frivolous action").  And, as set forth above, Plaintiffs have already had their credibility called into question by this Court on the precise issue of "notice."  *See,* fn. 4.

Finally, Plaintiffs will not be prejudiced by the Court's denial of the Motion to Extend.  Plaintiffs concede in their papers that "no monetary recovery is likely regardless of the outcome of any appeal…."  Declaration of Shlomo Sharbat ("Sharbat Decl."), ¶ 12.

### III.    THE COURT SHOULD REJECT APPELLANTS' UNSUPPORTED REQUEST TO STAY COLLECTION OF IOVANCE'S JUDGMENT AGAINST THEM.

With no authority beyond a passing citation to Federal Rule of Civil Procedure 62, Plaintiffs ask the Court to stay enforcement of the Judgment, without the necessity of a bond, based on their assertion that "collection would cause hardship."  Mot. at 4.  Plaintiffs' request should be denied.

FRCP 62 does not provide for an automatic stay of enforcement pending appeal of a money judgment.  Instead, to obtain a stay, a party must post a bond or other security in the district court, accompanied by a motion to approve the bond or other security.  Fed. R. Civ. P. 62(b).

03424-0008 4920-2747-6109.1

In deciding whether to permit a stay of enforcement pending appeal, Courts must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injury the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Second Circuit has further held that "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2007) (internal quotation omitted). Plaintiffs do not even attempt to show that they are likely to prevail; instead, they make clear that they are only pursuing this appeal in an effort to stay Iovance's collection efforts. Sharbat Decl., ¶¶ 9-12.

"[T]he district court has discretion to grant a stay of judgment with no supersedeas bond or with only a partial supersedeas bond if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery." *Morgan Guar. Trust Co. of New York*, 702 F. Supp. at 65. In determining whether to waive the supersedeas bond requirement, the district court may consider "the degree of confidence that the district court has in the availability of funds to pay the judgment ... [and] whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Rivera v. Home Depot U.S.A. Inc.*, 2018 WL 3105069, at *2 (S.D.N.Y., June 25, 2018) (finding that judgment debtors, including Home Depot, did not need to post a bond to support their request for a stay because they "have extremely deep pockets;" there was "no evidence to suggest that Home Depot would be unable or unwilling to satisfy the judgment;" and "the Court is extremely confident that both [judgment debtors] have the requisite funds").

03424-0008 4920-2747-6109.1

Here, Sharbat's declaration defeats Plaintiffs' request. Rather than imbue the Court with confidence "in the availability of funds to pay the judgment," Sharbat asserts that he "cannot afford to retain counsel" and that he has "no assets available to satisfy any judgment. I own no real property, maintain no significant bank accounts, and have no assets subject to execution." Sharbat Decl., ¶¶ 8, 10. Neither Sharbat nor Raff identify any facts supporting their request for an unsecured stay of enforcement under federal law.

## IV.    <u>CONCLUSION</u>

It took Iovance years of litigation and approximately $650,000 in attorneys' fees to dispose of this baseless lawsuit. Iovance requests that the Court summarily dispose of Plaintiffs' groundless and untimely effort to revive this case, and deny their request for a stay of enforcement of the Judgment without a bond.

Dated:  February 4, 2026

Respectfully submitted,

TROYGOULD PC

By:  */s/ Russell I. Glazer*
Russell I. Glazer, Esq. (*pro hac vice*)
1801 Century Park East, Ste. 1600
Los Angeles, CA 90067
(310) 789-1216

HARTER SECREST & EMERY LLP

Jeffrey Wadsworth, Esq.
1600 Bausch & Lomb Place
Rochester, NY  14604
(585) 232-6500

*Attorneys for Defendant*
*Iovance Biotherapeutics, Inc.*

10

03424-0008 4920-2747-6109.1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Century Park East, 16th Floor, Los Angeles, CA 90067-2367.

On February 4, 2026, I served the within document(s) described as:

DEFENDANT IOVANCE BIOTHERAPEUTICS, INC. F/K/A LION BIOTECHNOLOGIES INC. F/K/A GENESIS BIOPHARMA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO APPEAL AND STAY OF COLLECTION EFFORTS PENDING APPEAL

on the interested parties in this action as stated below:

Solomon Sharbat
Gush Halav 10
Tel Aviv, Israel
ssharbat@gmail.com

Shelhav Raff
Tchernichovsky St 24, 9
Jerusalem, Israel
shelhav88@gmail.com

[X]    (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 4, 2026, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

Rachel E. Hamilton
(Type or print name)

(Signature)

**TroyGould
PC**

03424-0008  4920-2747-6109.1